IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM HEWLETT, #37305-133, *

Petitioner, *

v. * CIVIL NO.: WDQ-13-2814

UNITED STATES PAROLE COMMISSION, *et al.*, *

Respondents, *

* * * * * * * * * * * * *

MEMORANDUM

On September 25, 2013, this court received for filing a 28 U.S.C. § 2241 petition from William Hewlett ("Hewlett"). At the time he filed the petition, Hewlett was confined at the Federal Correctional Institution ("FCI") in Cumberland, Maryland.[1] Hewlett filed an 88-page petition, with 49 exhibits,[2] contending that he has been held in unlawful custody due to respondents' illegal actions since 2012. ECF No. 1 at 8-10. He asserts that he was convicted of second-degree murder in the United States District Court for the District of Tennessee in 1989 and sentenced to 60 years in the custody of the Bureau of Prisons. *Id.* Hewlett maintains that his murder conviction is a parolable offense and he is eligible for release on parole in compliance with federal statute and regulations. ECF No. 1 at 8.

Hewlett's twenty-four claims can be pared down: (1) registered crime victims were not notified if their right to make oral statements at his first parole hearing in 2004 and at statutory interim hearings ("SIH") in 2008 and 2010; (2) the U.S. Parole Commission ("Commission")

---

[1] Hewlett is currently confined at the Federal Correctional Institution in Memphis, Tennessee.

[2] This court waived page restriction requirements. ECF Nos. 2, 5.

considered deficient progress reports and "aggravating," "adverse" and unsubstantiated information maintained in his prison file which suggested his commission of other offenses;[3] (3) he was denied due process when he was deprived of his presumptive parole release date of March 19, 2013; and (4) the parole process has been "illegal, arbitrary and capricious." ECF No. 1 at 10-88.

Currently pending before the court are respondents' motion and supplemental motion to dismiss or, in alternative, for summary judgment,[4] Hewlett's counter motion and amended counter motion for summary judgment,[5] and Hewlett's motion for judgment.[6] Respondents have opposed Hewlett's motions. ECF No. 53. In addition, Hewlett has renewed his request for limited discovery and seeks reconsideration of the court's denial of his previous discovery request. ECF Nos. 40 & 41. Respondent has opposed those motions. ECF Nos. 50. Hewlett has filed a rebuttal. *See* ECF No. 55 & 56. Finally, Hewlett has filed a motion to place the case in abeyance, claiming that respondents were granted until July 25, 2014, to file oppositions and he has yet to receive the pleadings. ECF No. 54.

For reasons to follow, respondents' motion for summary judgment will be granted and the petition will be denied and dismissed. Hewlett's motions to dismiss or for summary judgment, for limited discovery, and reconsideration of an earlier Order denying the same will be denied. Further

---

[3] Hewlett appears to be addressing prison file information referencing other alleged criminal offenses involving a sexual assault and/or murder. *See* ECF No. 40.

[4] ECF Nos. 21, 22. The Court will construe the motion as a motion for summary judgment.

[5] ECF No. 29.

[6] ECF Nos. 42, 43, 45.

his motion to place the case in abeyance will be denied because he did in fact receive respondents' opposition and has filed a rebuttal. *See* ECF Nos. 50, 55-56.

Background

Petitioner is serving a sixty-year sentence with a minimum 10-year term for murder in violation of 18 U.S.C. § 1111, and a concurrent five-year sentence for false use of a social security number in violation of 42 U.S.C. § 408(g)(2). ECF No. 21-1 at 2. The sentences were imposed in the United States District Court for the Eastern District of Tennessee in 1989.[7] ECF No. 21-3.

The Commission began a series of hearings in February of 2004. ECF No. 21-1 at 1-2. The hearing examiner found the applicable parole range to be 150+ months to be served prior to release and he recommended that Hewlett be paroled after serving 300 months (25 years). *Id.* at 2. The Commission adopted this recommendation and informed Hewlett by a notice of action ("NOA") dated March 8, 2004. ECF No. 21-8 at 1. The Commission issued the following statement pursuant to 28 C.F.R. § 2.20:

> After review of all relevant factors and information presented, a decision exceeding the lower limit of the applicable guideline category by more than 48 months is warranted based upon the following pertinent aggravating case factors: You are a more serious risk than indicated by the guideline in that the current offense occurred while you were in absconding status and you took a person's life. During the period of the instant offense, you were using a false social security number in order to hide your identity. Your past behavior of sexual assaults also involved being under the influence of substances as [did] your current offense.

ECF No. 21-8 at 1.

---

[7] Hewlett had previously been paroled on an armed bank robbery conviction on 1976, and had absconded from supervision. ECF No. 21 at Ex. A2-A4. An active parole warrant for violations of conditions of parole was issued in 1977, but was withdrawn in light of Hewlett's 1979 conviction and sentence.

Hewlett received a statutory interim hearing on January 23, 2006, and received an NOA dated February 14, 2006. ECF No. 21-2 at 3. The Commission advanced Hewlett's presumptive parole date by three months and formally withdrew the 1977 parole violation warrant. ECF Nos. 21-9 at 1-2; 21-10 at 1. He received another interim hearing on March 18, 2008, after which the Commission advanced his presumptive parole date by six months. ECF Nos. 21-11; 21-12. Two years later, on March 17, 2010, Hewlett received another statutory interim hearing. ECF No. 21-1 at 3. The Commission ordered no change to Hewlett's presumptive parole date of March 19, 2013. *Id.* The decision was affirmed by the National Appeals Board.[8]

The crime victims did not participate in the aforementioned hearings. *See* ECF 21-1 at 3-5. On February 23, 2012, the Commission's victim witness coordinator received a telephone call from the sister of the murder victim in January of 2012. *Id.* at 4. The sister indicated that a relative had learned through Knoxville, Tennessee news reports that Hewlett was to be paroled in 2013, and that she and the victim's family had a strong desire to attend a parole hearing and to voice their opposition to Hewlett's parole. *Id.* The victim witness coordinator recommended that the Commission reopen the case to allow for victim participation. *Id.* The Commission adopted this recommendation and informed Hewlett that it was reopening his case based upon new adverse information pursuant to 28 C.F.R. § 2.28(f). ECF No. 21-18. A hearing was set for May 30, 2012. ECF No. 21-1 at 4.

Hewlett appeared for a special reconsideration hearing before a hearing examiner. *Id.* He was informed that the purpose of the hearing was for the family of the victim to make a statement

---

[8] The National Appeal Board reviewed Hewlett's claim that the Commission relied on a deficient progress report. It found that the information relied on by the Commission was not erroneous. ECF No. 21-15. Hewlett raises a similar claim here.

opposing his release on parole. *Id.* Hewlett indicated that he understood, but wished to waive this hearing and all future hearings for parole. ECF No. 21-19; *see also* ECF No. 1 at Ex. 31. The hearing examiner wrote a memorandum recommending that a notice of action be issued to clarify the status of the case. ECF No. 21-1 at 4. The Commission issued an NOA, dated September 14, 2012, which stated that:

> The presumptive parole date previously ordered by the Commission is void based on the prisoner's waiver of the presumptive parole date and any future parole hearings. Continue to expiration. If prisoner reapplies for parole consideration, the Commission will schedule another special reconsideration hearing and will again consider input from registered victims.

ECF No. 21 -21.

In November 2012, Hewlett reapplied for parole. ECF No. 21-22. On December 20, 2012, the Commission issued an NOA postponing the special reconsideration hearing and indicated it would be rescheduled upon completion of a new parole application, but no sooner than the June 2013 docket at the Federal Correctional Institution in Cumberland. ECF No. 21-23. A special reconsideration hearing was held on June 4, 2013. ECF No. 21-1 at 5. Approximately ten family members of the victim appeared in person or by video link. *Id.* All family members opposed Hewlett's release on parole. *Id.* The hearing examiner found that Hewlett did not look the family members in the eye, stared out the window while they were testifying, and did not apologize to the victims at the hearing, though he was afforded the opportunity to do so. *Id.* at 5-6. The hearing examiner noted that Hewlett "displayed a great deal of contempt towards me and the hearing process and was passively disrespectful towards the victims." ECF No. 21-24 at 2. Hewlett's renewed request for parole was denied. *Id.*

Hewlett's case was designated as one of "original jurisdiction"[9] under Commission's regulations, meaning that a Commission decision is made by a majority vote of all Commissioners, rather than a single Commissioner. ECF No. 21-1 at 6. The Commission voted to deny parole and require Hewlett to serve the expiration of his sentence.[10] *Id.* In denying parole the Commission found:

> You exhibited no remorse and never addressed the victims nor apologized for your actions in killing their loved one. You displayed a great deal of contempt during the hearing process and were passively disrespectful toward the victims. Parole at this time would depreciate the seriousness of the offense and promote disrespect for the law.

ECF No. 21-26 at 1.

Analysis

Hewlett's invokes the Crime Victim's Rights Act ("CVRA"),[11] in regard to the Commission's failure to contact his victim's family during the course of his parole proceedings prior to May of 2012. *See* ECF No. 1 at 10. Having received favorable parole reviews prior to the inclusion of the family's testimony, he seemingly believes that the parole process was intentionally and illegally drawn out and reopened to allow for testimony adverse to him. *See id.* at 10-13.

---

[9] Under 28 C.F.R. § 2.17(b) a Commissioner may designate a case as an original jurisdiction case if the case involves an offender: (1) who committed a serious crime against the security of the nation; (2) whose offense behavior included an unusual degree of sophistication or planning or was part of a large scale criminal conspiracy or continuing criminal enterprise; (3) who received national or unusual attention because of the nature of the crime, arrest, trial, or prisoner status, or because of the community status of the offender or a victim of the crime; (4) whose offense behavior caused the death of a law enforcement officer while the officer was in the line of duty; or (5) who was sentenced to a maximum term of at least 45 years or life imprisonment. Hewlett's case was designated as an original jurisdiction case due to his sixty-year sentence. ECF No. 21-25.

[10] According to the U.S. Bureau of Prisons inmate locator and exhibits presented to the court, Hewlett is currently scheduled for release in December of 2018. *See* ECF No. 21-3 at 3.

[11] 18 U.S.C. § 3771.

However, he has no standing to invoke the Crime Victim's Rights Act to support his argument.

The CVRA defines victims as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). "The Act confers certain rights on victims of crimes, and the vast majority of these rights only have meaning in the context of a criminal prosecution." *United States v. Merkosky*, No. 1:02cr-0168-01, 2008 WL 1744762, at *1 (N.D. Ohio 2008). "A person accused of the crime may not obtain any form of relief under this chapter." 18 U.S.C. § 3771(d)(1); *see also Merkosky*, 2008 WL 1744762, at *2.

Further, the Court finds no constitutional error associated with the decision to reopen Hewlett's parole case. The Commission's regulations provide that the Commission may reopen the case upon discovery of new and substantial adverse information at any time prior to the release of the prisoner. *See* 28 C.F. R. § 2.28(f). As input from the crime victim's family was not obtained until 2012, the Commission had the discretion to that information as "new" and to be considered to reopen Hewlett's case.

As in the present case, in *Lewis v. Beeler*, 949 F.2d 325 (10th Cir. 1991), the petitioner complained that the Commission improperly reopened his case. *Id.* at 326. The Tenth Circuit Court of Appeals held that "information is new for purposes of § 2.28(f) where it has not been considered by the Commissioner who made the decision which the Commission seeks to reopen." *Id.* at 329.

In the present case, respondents state that the new information, namely the crime victim family's testimony, was not presented to them when they initially assessed Hewlett for parole. ECF No. 21-1 at 10-12. Given the holdings and discussion in *Lewis,* there is no merit to Hewlett's suggestion that later review was foreclosed because the information should have been considered

earlier.[12]

Moreover, Hewlett's claim that the Commission was arbitrary and capricious when it "defended" deficient progress reports in 2010, and that aggravating, adverse and unsubstantiated information maintained in his prison file was considered by the Commission,[13] is belied by the record. At the 2010 statutory interim hearing, the hearing examiner heard positive testimony regarding Hewlett's accomplishments, i.e. outstanding work evaluations, writing awards, and completion of a victim impact counseling group program. *See* ECF No. 21-13 at 1-3.

Further, Hewlett's ambiguous references to "documents of an aggravating nature" are without merit. The Fourth Circuit has held that in certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges that: (1) information is in his parole file; (2) the information is false; and (3) the information is relied on to a constitutionally significant degree. *See Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979).[14] As a jurisdictional predicate, an inmate who believes that his file contains false information must notify prison authorities of this fact in writing, specifying what information he believes is false and the true facts. *Id.* at 202-203. Prison officials

---

[12] *Id.* at 326-29; *see also*, *Fardella v. Garrison*, 698 F. 2d 208, 210-12 (4th Cir. 1982) (information that individuals were injured by defendant was new information satisfactory to reopen defendant's parole determination even though "the Commission conceded that it had erred by failing to make a finding of potential risk of physical injury" during the original parole hearing); *McClanahan v. Mulcome*, 636 F.2d 1190, 1191 (10th Cir. 1980) (deference should be given to the Commission's determination of what constitutes new information); *Fox v. U.S. Parole Comm'n.,* 517 F. Supp. 855, 859 (D. Kan. 1981) (Commission reviews record, it is not an investigative agency).

[13] ECF No. 1 at 37-43.

[14] The requirement of reliance to a constitutionally significant degree has two dimensions. First, the court must examine the nature of the adverse administrative decision made on the basis of erroneous information, i.e., whether it impacts on a colorable liberty interest. *See Paine*, 595 F.2d at 202. Second, the court shall review the nature of the false information. *Id.* If the error is more significant than technical, for example, if it involves the inmate's past criminal record or his record of disciplinary offenses while in prison, then the error may have been reasonably relied on and fundamental fairness requires its expunction. *See id.*

will be given a reasonable time to respond to the notice. *Id.* at 203. If prison officials fail to respond to the inmate's complaint within a reasonable period of time or if officials find the challenged information in the file, but argue that the information is correct, then a federal cause of action may arise. *Id.* Here, Hewlett made no showing that the information was false or was in fact relied on by the Commission to his detriment.[15]

After review of the record, the Court finds that Hewlett was provided with all the process he was due. He has no expectation of parole release. It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).

In addition, a parole decision is discretionary. *See Price v. Barry,* 53 F.3d 369, 370 (D.C. Cir. 1995). Generally, the decision to grant or deny parole is an unreviewable decision committed to the Commission's discretion. *See Garcia v. Naegle*, 660 F.2d 983, 988 (4th Cir. 1981). Ordinarily, a federal court does not have jurisdiction to review a substantive decision of the Commission, but is only permitted to determine whether the Commission has violated the Constitution or exceeded its statutory authority. *Jones v. United States Bureau of Prisons,* 903 F.2d 1178, 1182-83 (8th Cir.1990); *Larson v. United States,* 907 F.2d 85, 86-87 (8th Cir.1990).

In conducting habeas review, federal courts "cannot disturb a decision by the Commission setting the time for parole release absent a showing that the action is 'flagrant, unwarranted, or unauthorized.' " *Maddox v. United States Parole Comm'n,* 821 F.2d 997, 1000 (5th Cir. 1987)

---

[15] In renewing his motions for limited discovery and seeking reconsideration of the prior decision to deny discovery, Hewlett seeks records of those "aggravating" documents which he claims were received by the Commission from the Bureau of Prisons in 2010. ECF No. 40 at 2-3. In light of the record presented to the court, Hewlett's waiver of parole in 2012 under 28 C.F.R. § 2.11(b) and subsequent decisions by the Commission, the motions for limited discovery and reconsideration will be denied.

(*quoting Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1085 (5th Cir. 1981). It is not the function of the courts "to review the discretion of the [Commission] in the denial of application for parole or to review the credibility of reports and information received by the [Commission] in making its determination."[16]

As long as the Commission observed due process requirements and acted within its statutory authority, the courts "will not usurp the Commission's position as established in the statutory scheme enacted by Congress." *Stroud*, 668 F.2d at 846. The courts give "extreme deference" to the conclusions of the Parole Commission and "review [ ] them only to determine 'whether there is 'some evidence' in the record to support the Commission's decision." *Simpson v. Ortiz,* 995 F.2d 606, 608 (5th Cir. 1993) (*quoting Maddox,* 821 F.2d at 1000).

Hewlett cannot show a clear right to the relief sought or a clear duty by the Commission to grant such relief. Additionally, he has failed to demonstrate that the Commission failed to observe constitutional due process requirements or acted outside its statutory authority.

---

[16] *U.S. Bd. of Parole v. Merhige,* 487 F.2d 25, 29 (4th Cir. 1973) (*quoting Tarlton v. Clark*, 441 F.2d 384, 385-86 (5th Cir. 1971)); *see also Beltempo v.Hadden,* 815 F.2d 873, 875 (2nd Cir.1987); *Adams v. Keller,* 713 F.2d 1195, 1198–99 (6th Cir. 1983); *Stroud v. United States Parole Commission,* 668 F.2d 843, 846

Conclusion

For the aforementioned reasons respondents' motion for summary judgment will be granted, Hewlett's counter motion, amended counter motion for summary judgment, and motion for judgment shall be denied, and the petition for writ of habeas corpus will be denied and dismissed. The court declines to issue a certificate of appealability. A separate order follows.

Date: September 8, 2014

William D. Quarles, Jr.
United States District Judge

(5th Cir. 1982).